An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

VIRGIN VALLEY WATER DISTRICT,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
and
JOHN LONETTI, JR., INDIVIDUALLY
AND AS TRUSTEE FOR THE LONETTI
1975 TRUST,
Real Parties in Interest.

No. 63138

FILED

SEP 2 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order denying a motion to disqualify counsel.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (citations omitted); *see* NRS 34.160. It is within this court's discretion to determine whether a writ petition will be considered. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioner bears the burden of demonstrating that this court's extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-28029

Petitioner Virgin Valley Water District (VVWD) seeks to disqualify attorney Dominic Gentile and his law firm Gordon Silver from representing real party in interest John Lonetti, Jr. in the underlying case. Gentile met and communicated with George Benesch, VVWD's former general counsel, prior to the time that VVWD amended its complaint to add Lonetti as a defendant in the underlying case. VVWD alleges that Benesch conveyed to Gentile confidential information relevant to the underlying case, while Lonetti characterizes the meeting as a primer for Gentile in water law.

In denying VVWD's motion to disqualify, the district court found that Benesch did not disclose confidential information to Gentile. At oral argument, Benesch and Gentile testified that the meeting pertained to general principles of water law and general information about VVWD, and the district court found Benesch's and Gentile's testimony credible. The district court also found that a reasonable probability of disclosure did not exist. Substantial evidence supports the district court's findings. *Weddell v. H2O, Inc.*, 128 Nev. ___, ___, 271 P.3d 743, 748 (2012). In particular, Gentile's notes of the meeting reflect a general discussion of water law, and the documents Benesch provided to Gentile were publicly available documents. Given these facts, any public suspicion does not outweigh the societal interests in Gentile's and Gordon Silver's continued participation in this case. *Cronin v. Eighth Judicial Dist. Court*, 105 Nev. 635, 640-41, 781 P.2d 1150, 1153 (1989), *disapproved of on other grounds by Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 123 Nev. 44, 54 n.26, 152 P.3d 737, 743 n.26 (2007); *see also Brown v. Eighth Judicial Dist. Court*, 116 Nev. 1200, 1205-06, 14 P.3d 1266, 1270 (2000)

(plurality opinion). Accordingly, because VVWD has not demonstrated that our intervention by way of extraordinary writ relief is warranted, we ORDER the petition DENIED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Rob Bare, District Judge
       Bingham Snow & Caldwell
       Gordon Silver
       Eighth District Court Clerk